IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JAMES D. BARNES, SR.,**

                 **Petitioner,**

     v.                     CASE NO. 17-3026-SAC

**29th JUDICIAL DISTRICT, et al.,**

                 **Respondents.**

### MEMORANDUM AND ORDER

    This matter is a petition for habeas corpus filed under 28 U.S.C. § 2254. Petitioner proceeds pro se, and the Court grants leave to proceed in forma pauperis.

    Petitioner was convicted in the District Court of Wyandotte County, Kansas, pursuant to a guilty plea in October 2016. In the present action, he seeks immediate release, or, in the alternative, a reduction of 12 months in his prison term. Petitioner's claim for relief appears to be that Sheriff Don Ash failed to ensure his presence at all hearings.

    Petitioner fails to state grounds for relief. It is settled under both Kansas law and United States Supreme Court case law that the entry of a guilty plea operates as a waiver of procedural defects except for objections based upon a lack of jurisdiction or the failure to charge a crime.

    In *United States v. Broce*, 488 U.S. 563 (1989), the U.S. Supreme Court stated:

> A plea of guilty and the ensuing conviction comprehend all
> of the factual and legal elements necessary to sustain a

> binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative then the conviction and the plea, as a general rule, foreclose the collateral attack. There are exceptions where on the face of the record the court has not power to enter the conviction or impose the sentence.

*Broce*, 488 U.S. at 569.

The Kansas Supreme Court has adopted the *Broce* ruling. *See State v. Edwards*, 135 P.3d 1251, 1256 (Kan. 2006)("*Broce* has been adopted in Kansas…. [A] guilty plea waives all nonjurisdictional defects including a claim of double jeopardy.").

Likewise, the Kansas statutes incorporate this principle. K.S.A. 22-3208(4) provides, in part,

> A plea of guilty or a consent to trial upon a complaint, information or indictment shall constitute a waiver of defenses and objections based upon the institution of the prosecution or defects in the complaint, information or indictment other than it fails to show jurisdiction in the court or to charge a crime.

Petitioner's guilty plea waived the claim that jail personnel failed to secure his presence at every pretrial hearing, and the Court concludes he is not entitled to habeas corpus relief[1].

IT IS, THEREFORE, BY THE COURT ORDERED petitioner's motion to proceed in forma pauperis (Doc. #4) is granted.

IT IS FURTHER ORDERED the petition is dismissed and all relief is denied.

---

[1] Petitioner's apparent failure to exhaust his claims does not prevent this court from considering his claims. *See* 28 U.S.C. § 2254(b)(2)(application for habeas corpus may be denied on the merits despite the petitioner's failure to exhaust state court remedies).

IT IS FURTHER ORDERED the motion to appoint counsel (Doc. #5) is denied.

**IT IS SO ORDERED.**

DATED:  This 20th day of March, 2017, at Topeka, Kansas.

>S/ Sam A. Crow
>SAM A. CROW
>U.S. Senior District Judge